Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2560 | **DATE** | 8/4/2003 |
| **CASE TITLE** | U.S. ex rel. Alcurtis Jackson vs. Jerry L. Sternes, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Jackson's petition for a writ of habeas corpus is denied. Judgment is entered in favor of the respondent and against the petitioner. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | AUG 0 5 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | 16 |
| | Copy to judge/magistrate judge. | | | | |
| | | | 03 AUG -4 AM 11:25 | date mailed notice | |
| RO | courtroom deputy's initials | | central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ALCURTIS JACKSON, | )<br>)<br>) No. 03 C 2560 |
| Petitioner, | )<br>)<br>) Judge Ruben Castillo |
| v. | )<br>) |
| JERRY L. STERNES, Warden, Dixon Correctional Center, | )<br>)<br>) |
| Respondent. | )<br>) |

## MEMORANDUM OPINION AND ORDER

In 1996 Petitioner Alcurtis Jackson ("Jackson") was convicted of heinous battery under Illinois law, 720 ILCS 5/12-4.1, and sentenced to 45 years' imprisonment. On direct appeal, the Illinois appellate court affirmed his conviction but reduced Jackson's sentence to 30 years' imprisonment, the maximum non-extended term. Jackson filed a petition for leave to appeal to the Illinois Supreme Court, which was denied in 1999. He then sought post-conviction relief, which was denied in the first instance, on appeal and on his petition for leave to appeal to the Illinois Supreme Court. Jackson now petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Jackson's petition is denied. (R. 1-1.)

## RELEVANT FACTS[1]

In 1991 Jackson pleaded guilty to heinous battery arising from an incident in which he threw a corrosive acid on an acquaintance in retaliation for an earlier threatened mob beating.

---

[1] We presume that the factual determinations by the State court are correct. *See* 28 U.S.C. § 2254(e)(1). Accordingly, we rely on the facts set forth in the Illinois Appellate Court's decision in *People v. Jackson*, 700 N.E.2d 736 (Ill. App. Ct. 1998) (R. 14, Ex. D.)



The victim suffered chemical burns over twenty-eight percent of his body, including his face, neck and chest.

After entering a guilty plea but prior to sentencing, Jackson moved to withdraw his plea. The trial court denied the motion and sentenced Jackson to twenty years' imprisonment. Jackson appealed the denial of his motion to vacate his guilty plea, which the Illinois appellate court granted and remanded for a hearing. On remand the trial court permitted Jackson to withdraw his guilty plea and set the case for a jury trial. He again was convicted of heinous battery and was sentenced to 45 years' imprisonment.

On direct appeal, Jackson raised the following five issues: (1) he was denied a fair trial because the State repeatedly shifted the burden of proof, improperly undermined the defendant's credibility and improperly bolstered the credibility of the State's witnesses; (2) the trial court improperly allowed the State to impeach him with a prior felony conviction that was more than ten years old; (3) the cumulative effect of trial errors denied him a fair trial; (4) there was no legal basis for the extended sentence; and (5) the sentenced was excessive. The appellate court affirmed Jackson's conviction, but reduced his sentence to a term of thirty years. Jackson's counsel filed a petition for leave to appeal to the Illinois Supreme Court raising two issues—(1) his testimony should not have been impeached by a conviction that was more than ten years old; and (2) Illinois law was violated when he received a higher sentence after trial than he had received after his initial guilty plea. Jackson also filed a supplementary *pro se* petition for leave to appeal, raising six issues primarily dealing with his sentence as well as the State's shifting of the burden of proof. The Illinois Supreme Court denied his petition in 1999.

Jackson then sought post-conviction relief in the Illinois state courts. He filed a *pro se* post-conviction petition, raising over twenty issues. The circuit court denied the petition and Jackson, now represented by counsel, appealed to the Illinois appellate court. Jackson's counsel raised an ineffective assistance of counsel claim, arguing that counsel on direct appeal failed to raise five properly preserved claims, while Jackson himself filed a *pro se* "supplemental brief" on appeal, raising an additional six issues.[2] The Illinois appellate court found that all but one of Jackson's ineffective assistance of counsel claims were waived for failure to raise them in his initial post-conviction petition. The court also noted that Jackson's *pro se* submission was improper because "by electing to have counsel prosecute the instant appeal, defendant has foregone his right to proceed *pro se*." (R. 11, Ex. M at 6.) The court, however, went on to substantively address Jackson's *pro se* claims, holding them non-cognizable or otherwise barred by the doctrines of *res judicata* and waiver. The court then turned its attention to the sole surviving claim for post-conviction relief: that appellate counsel rendered ineffective assistance of counsel by failing to raise the impropriety of a police officer's testimony regarding hearsay statements uttered by the victim after Jackson's attack. The court exhaustively analyzed the claim under the two-prong standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), and concluded that the underlying argument that counsel failed to raise on appeal was

---

[2] Specifically, Jackson argued in his supplemental brief that: (1) appellate counsel was ineffective in not raising his confrontation clause issue regarding hearsay statements; (2) the post-conviction judge failed to specify his findings of fact or conclusions of law; (3) the use of the "mere fact" method of impeachment caused jury speculation about the nature of Jackson's prior convictions; (4) the trial judge denied Jackson the opportunity to instruct the jury that the victim's death was unrelated to his case; (5) the trial court's bias led it to punish Jackson for exercising his right to appeal; and (6) the State lessened its burden of proof and misstated the law before the jury.

3

meritless and that Jackson suffered no prejudice from this failure. Thus, the Illinois appellate court affirmed the dismissal of Jackson's post-conviction petition.

Jackson filed a *pro se* petition for leave to appeal to the Illinois Supreme Court, challenging: (1) the use of "mere fact" impeachment and other prosecutorial misconduct, and post-conviction appellate counsel's failure to raise the issues; (2) the Illinois appellate court's admonition of his post-conviction counsel for failing to follow Illinois Supreme Court Rules in briefing Jackson's appeal; (3) his denial of meaningful access to the courts when the appellate court held him to higher standards than other *pro se* petitioners; and (4) the Illinois appellate court's finding waiver of issues when he had diligently attempted to avoid such waiver. The Illinois Supreme Court denied Jackson's petition on October 2, 2002. Jackson then filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254, raising twenty-two issues.

## ANALYSIS

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before a federal court will consider a petition for a writ of habeas corpus on its merits, the petitioner must: (1) exhaust all remedies available in state courts, 28 U.S.C. § 2254(b)(1)(A), and (2) fairly present any federal claims in state court first, or risk procedural default, *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992). Exhaustion requires the petitioner to present his claims to the highest state court for a ruling on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) (holding that failure to pursue a discretionary direct appeal to the highest court of the state constitutes procedural default that bars federal habeas corpus relief); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (same with respect to post-conviction appeals). Full and fair

presentment requires that a petitioner give state courts "a meaningful opportunity to pass upon the substance of the claims [petitioner] later presses in federal court." *Spreitzer v. Schomig*, 219 F.3d 639, 645 (7th Cir. 2000) (internal citation omitted). Notwithstanding a procedural default, habeas corpus review may still be available if the petitioner can show cause for the default and actual prejudice, or demonstrate that a failure to consider the claim will result in a fundamental miscarriage of justice. *Id.* at 647; *United States ex rel Snyder v. Sternes*, 201 F. Supp. 2d 853, 856 (N.D. Ill. 2002).

Additionally, failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review. *See Harris v. Reed*, 489 U.S. 255 (1989); *Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2003). Thus, if the petitioner failed to comply with an adequate and independent rule of state procedure, and he cannot show cause and prejudice in connection with his failure to do so, then federal habeas corpus relief is not available. *Gray v. Briley*, 305 F.3d 777, 779 (7th Cir. 2002)

As noted above, Jackson's § 2254 petition raises twenty-two issues. Several of them, however, have been defaulted for failure to exhaust and/or failure to fully and fairly present them in the state courts. We find that the following issues are defaulted because Jackson failed to fully and fairly present them in a full round of review on either direct appeal or in post-conviction proceedings: (1) he was denied his right to a fair and impartial trial when the prosecutor repeatedly shifted the burden of proof; (2) he was denied his Sixth and Fourteenth Amendment rights when the court limited his right to cross-examine witnesses about his own statements; (3) he was denied due process by the introduction of the victim's subsequent, unrelated murder; (4)

he was denied meaningful access to appellate review of his post-conviction proceeding;[3] (5) the trial court failed to rule on constitutional claims in his post-conviction proceeding; (6) the appellate court denied him meaningful review of the dismissal of his post-conviction petition; (7) he was denied his Sixth Amendment right to confrontation by the admission of hearsay; (8) he was denied a fair trial when the State introduced evidence of an oral statement that he denied making; (9) he was denied effective assistance of counsel on appeal because counsel failed to raise fair-trial issues; (10) the trial court improperly limited cross-examination regarding the destruction of the victim's shirt; (11) he was denied a fair trial when the trial court refused his request to instruct the jury that he had no connection to the victim's subsequent death; (12) he was unduly prejudiced when the trial court denied his motion *in limine* to preclude any suggestion that he was responsible for the victim's death; (13) he was denied due process when the State lessened its burden of proof by arguing that the prosecution did not have to prove the nature of the acid or what store it came from; (14) he was denied a fair trial by the cumulative effect of prosecutorial misconduct; (15) he was denied meaningful access to the courts by the appellate court's bias on post-conviction review; and (16) he was denied review of his unjust sentence. (R. 1, Pet.)

Of Jackson's remaining six claims, four are barred because they were decided in the state courts on an adequate and independent state law ground. The Illinois appellate court, relying on the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, held that all except for one of Jackson's ineffective assistance of counsel claims were waived for failure to raise them in his

---

[3] Respondent notes that even if Jackson had not defaulted his claims relating to his post-conviction proceedings, he cannot state a federal habeas corpus claim because there is no federal constitutional right to post-conviction relief. *Pennsylvania v. Finley*, 418 U.S. 551, 555 (1987).

initial post-conviction petition. (R. 14, Ex. M, App. Ct. Order at 5-6.) The court further held that Jackson's claims that: (1) the State was erroneously permitted to amend the indictment immediately prior to trial; and (2) the trial judge was biased against him, were forfeited because they could have been, but were not, raised on direct appeal. (*Id.* at 7 (*citing People v. Morgan*, 719 N.E.2d 681, 697 (1999))). Finally, the court noted that Jackson's *pro se* claim that evidence of a prior felony conviction was improperly allowed into evidence was barred by the doctrine of *res judicata* because it was raised, addressed and decided on direct appeal. (*Id.* at 6 (*citing Morgan*, 719 N.E.2d at 697)). Each of these rulings was based on an adequate and independent state ground such that we may not disturb them on federal habeas corpus review. *See Stewart v. Smith*, 536 U.S. 856, 860-61 (2002) (holding that state court's finding that respondent's claim was waived for failure to raise it in prior petitions for post-conviction relief was independent of federal law and thus barred federal habeas corpus review).

Thus only three of Jackson's claims remain. We reject his claim that he was denied due process by the trial court's harsh and vindictive sentencing. As the respondent points out, "a federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit." *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994) (refusing to disturb reduced sentence when it was within the statutory range and was not shown to be "fundamentally unfair" through constitutional error). Jackson's sentence falls within the statutory limit, and was reviewed and reduced by the Illinois appellate court on direct appeal; we will not disturb that decision, especially where, as here, it was thoroughly and reasonably analyzed by that court.

Similarly, Jackson's claim that he was denied meaningful access to the appellate court when counsel on post-conviction appeal provided deficient representation is not cognizable because, as noted above, claims that counsel rendered ineffective assistance during post-conviction proceedings are not constitutional rights subject to federal habeas corpus review. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief [under § 2254]"); *Finley*, 481 U.S. at 555 (declining to hold that "prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions").

We now turn to Jackson's sole surviving claim—that he was denied effective assistance of counsel when his lawyer failed to question the propriety of the police officer's testimony about the victim's statements immediately after the incident. Under AEDPA, we may grant a writ of habeas corpus only if Jackson demonstrates that the state court's adjudication of the claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, *see* 28 U.S.C. § 2254(d)(1), or if the decision was premised on an unreasonable determination of facts, *see* 28 U.S.C. § 2254(d)(2). A state court's decision is "contrary to" Supreme Court precedent if "the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). Under the second prong of § 2254(d)(1), habeas corpus relief is appropriate if a state court unreasonably applies governing Supreme Court precedent to the facts of the case. *Bell*, 535 U.S. at 694.

With respect to claims of ineffective assistance of counsel, for a petitioner to succeed in federal court, "he must do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, he must show that the [appellate court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell*, 535 U.S. at 698-99 (internal citations omitted). As noted above, the Illinois appellate court exhaustively analyzed Jackson's ineffective assistance of counsel claim relating to the police officer's testimony under the framework established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The court ultimately concluded that Jackson's claim was meritless and that he was not prejudiced by counsel's failure to raise the issue on appeal. We do not believe that the Illinois appellate court's analysis of this claim was incorrect or that it applied *Strickland* to the facts of his case in an objectively unreasonable manner. Thus, Jackson is not entitled to federal habeas corpus relief on this claim.

## CONCLUSION

For the foregoing reasons, we deny Jackson's petition for a writ of habeas corpus. (R. 1-1.) The Clerk is instructed to enter final judgment pursuant to Federal Rule of Civil Procedure 58 against Petitioner.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: August 4, 2003

9